UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESONDA THOMPSON, #728949,

       Petitioner,

                                             CASE NO. 2:15-CV-14351
v.                                         HONORABLE SEAN F. COX

ANTHONY STEWART,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING MOTIONS TO TOLL AND FOR
EVIDENTIARY HEARING, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Lesonda Thompson ("Petitioner") pleaded guilty to second-degree murder and perjury in the Kent County Circuit Court and was sentenced to concurrent terms of 13 to 45 years imprisonment and 7 to 30 years imprisonment on those convictions in 2009. In her pleadings, Petitioner raises claims concerning the waiver of her right to appeal and the effectiveness of appellate counsel. She also seeks an evidentiary hearing on her claims.

      On January 26, 2016, the Court ordered Petitioner to show cause why her petition should not be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. Petitioner filed a timely response to the Court's show cause order, as well as a motion to toll the one-year period, asserting that her requests for appellate counsel in the state courts should toll the one-year period and that she is entitled to equitable tolling based upon her lack of education and legal knowledge, her mental health issues, and her attorney's deficient performance. Having

further reviewed the matter, the Court concludes that the habeas petition is untimely and must be dismissed. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

**II.      Procedural History**

Petitioner tendered her guilty pleas on April 29, 2009 and was sentenced on May 26, 2009. She subsequently requested and was assigned appointed appellate counsel. According to Petitioner, she did not pursue a direct appeal (by leave to appeal) in the state courts because she waived her right to do so based upon the advice of appellate counsel.

Petitioner states that she filed a post-judgment motion for appointment of appellate counsel with the state trial court in August, 2011, which was denied on August 24, 2011. She filed a second motion for appointment of appellate counsel with the state trial court in September, 2013, which was denied on September 9, 2013. She filed a third motion for appointment of appellate counsel in December, 2013, which was denied on December 13, 2013. Petitioner then filed a claim of appeal with the Michigan Court of Appeals, which was dismissed for lack of jurisdiction. *People v. Thompson*, No. 319814 (Mich. Ct. App. Feb. 3, 2014). She also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Thompson*, 497 Mich. 982, 861 N.W.2d 33 (March 31, 2015).

Petitioner dated her federal habeas petition on December 11, 2015. As noted, the Court subsequently issued a show cause order concerning the timeliness of the petition and Petitioner filed a timely response to that order, as well as a motion to toll the one-year period.

**III.     Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA includes a one-year period

of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's convictions became final after the AEDPA's 1996 effective date. Petitioner was sentenced on May 26, 2009. Under the state rules in effect at that time, she had 12 months to file a delayed application for leave to appeal with the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(F)(3) (amended to six months in 2011 and now set forth as Mich. Ct. R. 7.205(G)(3)). She

did not do so. Her convictions thus became final on May 26, 2010 when the time for seeking leave to appeal with the Michigan Court of Appeals ended. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (petitioner's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, _ U.S. _, 132 S. Ct. 641, 656 (2012) (when a petitioner does not seek review in a state's highest court, the judgment becomes final when the time for seeking such review expires). Petitioner then had one year, until May 26, 2011, to file her federal habeas petition, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

The record before the Court indicates that Petitioner did not file her first post-conviction motion for appointment of appellate counsel until August, 2011, did not file her second until September, 2013, and did not file her third until December, 2013. Thus, the one-year period expired well before Petitioner attempted to re-pursue her appellate rights in the state courts. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner did not date her federal habeas petition until December 10, 2015 – long after the limitations period expired. Her petition thus appears to be untimely.

Petitioner does not assert that the State created an impediment to the filing of her petition or that her claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law. She is thus not entitled to an extension or statutory tolling of the one-year period. Her petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has ruled that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has further explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he or she is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner first asserts that her state court motions for appointment of appellate counsel should toll the one-year period. Such motions for appointment of appellate counsel, however, do not qualify as applications for state post-conviction or collateral review so as to toll the limitations period under 28 U.S.C. § 2244(d)(2). "Not every filing by a criminal defendant meant to advance his challenge to a judgment of conviction amounts to an application for . . . collateral review of the judgment or claim." *Witkowski v. Vasbinder*, No. 04–CV–74232–DT, 2006 WL 618891, *4 (E.D. Mich. March 9, 2006) (unpublished) (quoting *Rodriguez v. Spencer*, 412 F.3d 29, 36 (1st Cir. 2005)). As a general rule, a "filing that purports to be an application for State post-conviction or other collateral review with respect to a pertinent judgment or claim must set forth the grounds on which it is based, must state the relief desired, and must collaterally attack the relevant conviction or sentence." *Id*. (citing *Sibley v. Culliver*, 377 F.3d 1196, 1200 (11th Cir. 2004)); *see also Voravongsa v. Wall*, 349 F.3d 1, 6 (1st Cir. 2003). Federal courts have refused to extend the tolling

provisions of 28 U.S.C. § 2244(d) to motions for appointment of counsel. *See, e.g., Voravongsa*, 349 F.3d at 6-7; *Dunn v. Jackson*, No. 3:03CV133, 2005 WL 1067688, *4 (S.D. Ohio May 4, 2005). Because Petitioner's motions for appointment of appellate counsel did not directly seek collateral review of her underlying convictions and sentences, they did not toll the one-year period. Moreover, as previously discussed, the one-year period expired before Petitioner filed her first motion for appointment of counsel, let alone her subsequent motions.

Petitioner also asserts that she is entitled to equitable tolling due to her lack of education and legal knowledge. The fact that Petitioner lacks education, is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy is not a basis for equitable tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Petitioner also asserts that she is entitled to equitable tolling because she suffers from mental illness and she had a period of time where she was unmedicated and then had to adjust to medication while in prison. A habeas petitioner's mental incompetence may constitute an extraordinary circumstance which justifies equitable tolling of the one-year period, but only if that condition prevents the timely filing of a habeas petition. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). In

other words, to be entitled to equitable tolling on such a basis, a habeas petitioner must show that he or she was mentally incompetent and that his or her mental impairment was the cause for the late filing. *Id.*; *Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010); *see also Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period.").

Petitioner makes no such showing. While the medical records attached to the petition indicate that Petitioner had some physical problems, such as back pain and headaches, suffered from anxiety and depression, and was diagnosed with antisocial personality disorder in 2008-2009, they do not indicate that she was mentally incompetent. Similarly, while the records show that Petitioner took unidentified psychotropic medications at some point and that such medications were beneficial, they do not indicate that the medications were necessary for her to be competent or, more importantly, that any medication disruption or adjustment occurred during the relevant time period which impaired her ability to pursue legal proceedings. None of the records before the Court show that Petitioner's medical or mental health condition was so severe (or improperly untreated) during the relevant time period in 2010-2011 that Petitioner was unable to pursue state court remedies or seek federal habeas relief in a timely manner. Moreover, "speculation about the impact of mental illness on the ability to timely file habeas petition is not sufficient to warrant an evidentiary hearing." *McSwain v. Davis*, 287 F. App'x 450, 457-58 (6th Cir. 2008).

Petitioner further asserts that she is entitled to equitable tolling because her attorney performed deficiently during the state court appellate process. However, even assuming that counsel impeded Petitioner's pursuit of a direct appeal in the state courts, such conduct did not impair Petitioner's ability to pursue collateral relief in state court or habeas relief in federal court within the one-year period. *See, e.g., Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) (state court's

alleged failure to give petitioner notice of appeal rights at sentencing, to timely appoint counsel to perfect a late appeal, and to provide transcripts for a period of time did not justify tolling because petitioner failed to explain why those actions prevented him from timely filing habeas petition). Petitioner had ample opportunity to file a motion for relief from judgment in state court (with or without the assistance of counsel) and/or to seek federal habeas relief in a timely manner.

Lastly, the Court notes that Petitioner has not shown diligence in seeking collateral review in the state courts and/or in seeking habeas relief in federal court. She filed her first state court motion for appointment of counsel more than one-year after her convictions became final, filed her second and third state court motions for appointment of counsel two years later, and filed her federal habeas petition more than eight months after the Michigan Supreme Court denied leave to appeal. Petitioner has not shown that she acted diligently in pursuing her rights and/or that the extended delay in seeking habeas relief arose from circumstances beyond her control. Consequently, she is not entitled to equitable tolling. *See, e.g., Alexander v. Scutt*, No. 11-CV-13841, 2013 WL 1314943, *4 (E.D. Mich. March 29, 2013) (ruling that petitioner was not entitled to equitable tolling based upon trial court's failure to timely appoint appellate counsel because 11-month delay between conclusion of state post-conviction proceedings and filing of habeas petition showed lack of diligence and citing *McClendon v. Sherman*, 329 F.3d 490, 495 (6th Cir. 2003)). Petitioner is not entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, _ U.S. _, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more

-8-

likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321). Petitioner makes no such showing. She fails to establish that she is entitled to equitable tolling of the one-year period. Her habeas petition is therefore untimely and must be dismissed.

## IV.    Conclusion

Based upon the foregoing discussion, the Court concludes that the petition is untimely and that Petitioner is not entitled to tolling of the one-year limitations period. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus. Given this determination, the Court also **DENIES** Petitioner's motions to toll the one-year period and for evidentiary hearing.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief

on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. In this case, jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court further finds that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

    **IT IS SO ORDERED.**


Dated: March 25, 2016                         S/ Sean F. Cox
                                                   Sean F. Cox
                                                   U. S. District Judge


I hereby certify that on March 25, 2016, the foregoing document was served on counsel of record via electronic means and upon Lesonda Thompson via First Class mail at the address below:

LESONDA THOMPSON
728949
HURON VALLEY COMPLEX - WOMENS
3201 BEMIS ROAD
YPSILANTI, MI 48197

                                                         S/ J. McCoy
                                                         Case Manager